# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50888
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2023

Lyle W. Cayce
Clerk

Amanda Wood,

*Plaintiff—Appellant*,

*versus*

Bexar County, Texas; Deputy J. Gereb,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-895

---

Before Clement, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Amanda Wood appeals the dismissal of her claims that followed from a traffic stop in Bexar County. Because the district court erred in its qualified immunity analysis, we REVERSE and REMAND.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50888

## I

Four years ago, Amanda Wood was pulled over by Bexar County sheriff's deputy Joe Gereb.[1] Gereb, apparently adamant that Wood was drunk, ordered Wood out of her car for a field sobriety test. Wood—a completely sober teetotaler—politely refused. So, Gereb called in backup, arrested Wood, took her cellphone (which was recording the encounter), and towed her car. Then, to effect a blood draw, Gereb "shoved[] and struck" Wood and "twisted and contorted [her] limbs, causing great pain."

Eventually, Wood was charged with driving while intoxicated. But, that charge was dropped by the district attorney for "insufficient evidence." According to Wood, she never exhibited any sign of intoxication, either in her driving or her demeanor. She also was never given a basis for the stop and never received a citation. Gereb—according to Wood's complaint—only arrested her in retaliation for refusing to comply with his demands and recording the stop. So, Wood filed suit against Gereb and Bexar County, raising various federal and state law claims, including First and Fourth Amendment violations.

The district court, adopting the magistrate judge's report and recommendation, granted Gereb and Bexar County's motion to dismiss. The magistrate judge reasoned that—per Gereb's "blood-draw warrant affidavit" attached to the motion to dismiss—there was probable cause to pull Wood over. That probable cause finding was fatal to nearly all of Wood's claims. Now, Wood appeals the dismissal of her claims. She argues that, among other things, the magistrate judge—in violation of the Rule 12(b)(6)

---

[1] Because her claims were dismissed on a Rule 12(b)(6) motion, we take the facts from Wood's complaint.

No. 22-50888

framework—"improperly accepted" and relied upon Gereb's probable cause affidavit.

## II

We review *de novo* the grant of a motion to dismiss based on qualified immunity. *Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643 (5th Cir. 2014). Generally speaking, we don't "require detailed factual allegations" in a plaintiff's complaint, but it "must contain sufficient facts to allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (citation and quotations omitted). Importantly, at the motion to dismiss stage, we don't "consider the correctness of the plaintiff's versions of the facts." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citation and quotations omitted). Instead, we "accept[] all well-pleaded facts as true and draw[] all inferences in favor of the plaintiff." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 413 (5th Cir. 2021).

To find probable cause, the magistrate judge relied *entirely* on "the blood-draw warrant affidavit submitted by Gereb" which the defendants "attach[ed]" to their motion to dismiss. That was error. When ruling on a motion to dismiss, a court may consider "outside" evidence—or facts beyond those complained of or judicially noticed—attached to a motion to dismiss when such documents are "referred to in the plaintiff's complaint" and "central" to the plaintiff's claims.[2] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But, even when looking to such documents, a court is still bound to draw all inferences in favor of the plaintiff. *Fort Bend*, 2 F.4th at 413. Here, the magistrate judge failed to do so.

---

[2] We take no stance on whether—through judicial notice or attachment of the document—it was appropriate to address the affidavit here.

No. 22-50888

Turning to Wood's facts—as the court was required to do—it's clear that her complaint "contain[s] sufficient factual matter, [when] accepted as true, to state a claim to relief that is plausible on its face." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citations and quotations omitted). She alleges that Gereb pulled her over "without any articulable basis," falsely "accus[ed]" her of being drunk, tried to "coerce" her into admitting guilt, "rummaged" through her car and person without reason, "seized her cellular phone" for recording the stop, and "shoved and struck" her when she didn't comply. Gereb then "lied in an [a]ffidavit" to get a blood draw and knowingly filed "false criminal charges" against Wood. Those facts "must be taken as true" at this stage of the case. *George*, 36 F.4th at 619. So, the court's probable cause determination—which was based on Gereb's affidavit and led to the dismissal of nearly all of Wood's claims—was erroneous.[3] We REVERSE and REMAND for consideration of Wood's claims consistent with this opinion.

---

[3] Wood doesn't contest the dismissal of her state law claims of malicious prosecution and intentional infliction of emotional distress.